IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SHARON COUCH and DICKEY COUCH, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | |
| § | |
| THE BANK OF NEW YORK MELLON § | |
| FKA THE BANK OF NEW YORK, AS § | Civil Action No. 4:24-cv-85 |
| SUCCESSOR TRUSTEE FOR § | |
| JPMORGAN CHASE BANK, N.A., AS § | |
| TRUSTEE FOR NOVASTAR MORTGAGE § | |
| FUNDING TRUST, SERIES 2005-4 § | |
| NOVASTAR HOME EQUITY LOAN § | |
| ASSET-BACKED CERTIFICATES, § | |
| SERIES 2005-4, § | |
| § | |
| Defendant. § | |

## NOTICE OF REMOVAL

Defendant The Bank of New York Mellon, f/k/a The Bank of New York, as Trustee for NovaStar Mortgage Funding Trust, Series 2005-4 NovaStar Home Equity Loan, Asset-Backed Certificates, Series 2005-4[1] ("Defendant" or "BNYM") files this its Notice of Removal pursuant to 28 U.S.C. Sections 1332, 1441, and 1446. In support of this Notice, Defendant states as follows:

### SUMMARY

1.     Plaintiffs Sharon Couch and Dickey Couch ("Plaintiffs") filed this action on January 22, 2024, in the County Court at Law No. 1 of Tarrant County, Texas, as Cause No.

---

[1] Defendant The Bank of New York Mellon, f/k/a The Bank of New York, as Trustee for NovaStar Mortgage Funding Trust, Series 2005-4 NovaStar Home Equity Loan, Asset-Backed Certificates, Series 2005-4 is incorrectly named as the Bank of New York Mellon, f/k/a the Bank of New York as Successor in Interest to JPMorgan Chase Bank, N.A. as Trustee for NovaStar Mortgage Funding Trust, Series 2005-4, NovaStar Home Equity Loan Asset-Backed Certificates, Series 2005-4 in Plaintiff's Original Petition. Defendant removes in the correct name and capacity.

2024-000558-1 in the matter styled *Sharon Couch and Dickey Couch v. The Bank of New York Mellon, f/k/a the Bank of New York as Successor in Interest to JPMorgan Chase Bank, N.A. as Trustee for NovaStar Mortgage Funding Trust, Series 2005-4, NovaStar Home Equity Loan Asset-Backed Certificates, Series 2005-4,* (the "State Court Action").

2. Pursuant to Sections 1441 and 1446 of Title 28 of the United States Code, Defendant removes this case to the United States District Court for the Northern District of Texas, Fort Worth Division, the Judicial District and Division in which this action is pending.

3. The allegations in Plaintiffs' *Original Petition* ("Petition") relate to the judicial foreclosure of real property commonly known as 9845 Ray White Road, Keller, Texas 76248 (the "Property"). (*See* Petition at ¶¶ 3.1-4.11.)

4. Plaintiffs challenge Defendant's foreclosure and purchase of the Property and claim it has affected Plaintiffs' title to the Property. (*See* Petition at ¶ 5.4.) Plaintiffs claim that Defendant failed to initiate a foreclosure sale on the Property "before the applicable limitations period," and in the alternative, that Defendant's claim is "invalid or unenforceable because Defendant's claim of title is barred by adverse possession." (*Id.* at ¶¶ 5.5-5.6.) Based on these allegations, Plaintiff brings a quiet title claim. (*Id.* at ¶¶ 5.1-5.11.) As remedies for this quiet title claim, Plaintiff seeks declaratory judgment, a temporary restraining order, temporary injunction, and attorney's fees. (*Id.* at ¶¶ 6-9.)

5. Judge McBryde in his *Amended Final Judgment of Foreclosure* dated March 8, 2021 entered in Civil Action No. 4:19-cv-935-A, *Dicky Roland Couch and Sharon Couch v. PHH Mortgage Corporation and The Bank of New York Mellon, f/k/a The Bank of New York, as Trustee for NovaStar Mortgage Funding Trust, Series 2005-4 NovaStar Home Equity Loan, Asset-Backed Certificates, Series 2005*-4 authorized Defendant to conduct a judicial foreclosure

sale of the Property. Attached hereto as **Exhibit A-1** is a true and correct copy of Judge McBryde's *Amended Final Judgment of Foreclosure*. Following the domestication of Judge McBryde's Amended Final Judgment, a Constable's Sale of the Property took place on September 13, 2023 and Defendant acquired the Property at this Constable's sale. (*See* Petition at ¶¶ 4.6, 4.8.)

6.      On October 9, 2023, BNYM filed suit to evict Plaintiffs from the Property in *The Bank of New York Mellon, f/k/a the Bank of New York as Successor in Interest to JPMorgan Chase Bank, N.A. as Trustee for NovaStar Mortgage Funding Trust, Series 2005-4, NovaStar Home Equity Loan Asset-Backed Certificates, Series 2005-4 v. Dickey Roland Couch, Sharon Gale Couch and All Occupants* in Justice Court No. 3, Cause No., JP03-23-E00072506 and obtained a *Judgment* of possession in favor of Defendant. (*See* Petition at ¶ 4.9.) Attached hereto as **Exhibit B-1** is a true and correct copy of the *Judgment* entered in in Cause No. JP03-23-E00072506.

7.      Plaintiffs on October 25, 2023, filed an appeal to County Court at Law No. 1 of Tarrant County, Texas, styled as *The Bank of New York Mellon, f/k/a The Bank of New York as successor in interest to JP Morgan Chase Bank, N.A., as Trustee for NovaStar Mortgage Funding Trust, Series 2005-4, NovaStar Home Equity Loan Asset-Backed Certificates, Series 2005-4 vs. Dickey Roland Couch, Sharon Gale Couch and All Occupants*, Cause No. 2023-007641-1. (*Id.* at ¶ 4.10.) On January 23, 2024, County Court at Law No. 1 entered a *Judgment* of possession in favor of Defendant. Attached hereto as **Exhibit C-1** is a true and correct copy of the *Judgment* entered in in Cause No. 2023-007641-1.

8. Subsequently, Plaintiffs filed the State Court Action on January 22, 2024. Attached hereto as **Exhibit D** is a copy of the Docket Sheet from the State Court Action, and true and correct copies of all pleadings filed in the State Court Action are attached within the contents of **Exhibit E**.

9. This Notice of Removal is timely under the provisions of 28 U.S.C. Section 1446(b), as it is being filed within thirty (30) days after filing. 28 U.S.C. § 1446(b)(1).

## BASIS FOR REMOVAL: DIVERSITY JURISDICTION

### A. There is complete diversity.

10. Removal of the State Court Action to this Court is proper pursuant to 28 U.S.C. Sections 1332, 1441(a) and (b) because the amount in controversy is well in excess of $75,000.00 exclusive of interest and costs.

11. Plaintiffs are individuals and citizens of the State of Texas. (*See* Petition at ¶ 2.1.)

12. Defendant BNYM is the trustee of a trust. When determining the citizenship of the real parties in interest for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464-66 (1980); *Manufacturers and Traders Trust Co. v. HSBC Bank USA, N.A.*, 564 F.Supp.2d 261, 263 (S.D.N.Y. 2008). BNYM is a Delaware corporation with its principal place of business in New York. Therefore, BNYM, is a citizen of Delaware and New York for diversity purposes.

13. There is diversity because Plaintiffs and Defendant are not citizens of the same state for purposes of diversity jurisdiction.

**B.     The amount in controversy exceeds $75,000.00.**

14.     The amount in controversy exceeds the sum or value of $75,000.00. Plaintiffs seek to void the foreclosure sale where the Property sold for $342,930.00. A true and correct copy of the Constable's Deed is attached hereto as **Exhibit F**. Accordingly, Plaintiffs themselves put the amount of controversy in excess of $75,000.00.

## VENUE

15.     Venue for removal is proper in the United States District Court for the Northern District of Texas, Fort Worth Division under 28 U.S.C. Section 1441(a) because this district and division embrace County Court at Law No. 1 of Tarrant County, Texas, the forum in which the removed action was pending.

## NOTICE

16.     Concurrently with the filing of this Notice, Defendant will file a copy of this Notice of Removal with the Clerk of County Court at Law No. 1 of Tarrant County, Texas.

Respectfully submitted,

By:   */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P. C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

*Attorneys for Defendant*

**LIST OF ALL KNOWN COUNSEL OF RECORD**

For Plaintiffs Sharon Couch and Dickey Couch:
Debra Edmonson
Texas Bar No. 24045824
The Edmonson Law Firm, P.L.L.C.
P.O. Box 92801
325 Miron Dr., Ste. 100
Southlake, Texas 76092
(817) 416-5291


For Defendant BNYM:
Mark D. Cronenwett
Texas Bar No. 00787303
Mackie Wolf Zientz & Mann, P. C.
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
(214) 635-2650
(214) 635-2686 (Fax)

## INDEX OF DOCUMENTS ATTACHED

Exhibit A  Copy of the Docket Sheet for Civil Action No. 4:19-cv-935-A in the United States District Court of Texas, Fort Worth Division;

    A-1  *Amended Final Judgment of Foreclosure*, entered on March 8, 2021.

Exhibit B  Copy of the Docket Sheet for Cause No. JP03-23-E00072506 in the Justice Court No. 3 of Tarrant County, Texas;

    B-1  *Judgment*, entered on October 9, 2023.

Exhibit C  Copy of the Docket Sheet for Cause No. 2023-007641-1 in County Court at Law No. 1 of Tarrant County, Texas;

    C-1  *Judgment,* entered on January 23, 2024.

Exhibit D  Copy of the Docket Sheet for Cause No. 2024-000558- in County Court at Law No. 1 of Tarrant County, Texas;

Exhibit E  Pleadings in Cause No. 2024-000558-1 in County Court at Law No. 1 of Tarrant County, Texas;

    E-1  *Original Petition,* filed January 22, 2024;

    E-2  *Original Petition,* filed January 22, 2024;

    E-3  *Citation issued on BNYM,* issued January 22, 2024;

    E-4  *Notice of Hearing/Trial*, entered on January 24, 2024.

Exhibit F  *Constable's Deed*, recorded in the Official Public Records of Tarrant County, Texas on September 13, 2023.

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 25, 2024, a true and correct copy of the foregoing was served via regular U.S. mail on the following counsel:

Debra Edmonson
P.O. Box 92801
325 Miron Dr., Ste. 100
Southlake, Texas 76092
*Attorney for Plaintiffs*

                                                 */s/ Mark D. Cronenwett*
                                             **MARK D. CRONENWETT**