UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **SHARON COUCH** and **DICKEY COUCH**, § § §  *Plaintiffs*, § § v. § **THE BANK OF NEW YORK MELLON,** *f/k/a* **THE BANK OF NEW YORK,** *as Successor Trustee for* **JPMORGAN CHASE BANK, N.A.,** *as Trustee for* **NOVASTAR MORTGAGE FUNDING TRUST, SERIES 2005-4 NOVASTAR HOME EQUITY LOAN ASSET-BACKED CERTIFICATES, SERIES 2005-4,** § § § § § § § § § § § §  *Defendant*. § | Civil Action No. 4:24-cv-00085-O |

**FINDINGS OF FACT & CONCLUSIONS OF LAW**

The following are the findings of fact and conclusions of law of the undersigned District Judge based on the Preliminary Injunction Hearing held on March 5, 2024 at 9:00 AM in the Second Floor Courtroom of the Eldon B. Mahon United States Courthouse. Any finding of fact that should instead be a conclusion of law is hereby adopted as such. Likewise, any conclusion of law that should instead be a finding of fact is hereby adopted as such.

1. Plaintiffs Dickey Roland Couch and Sharon Gale Couch ("Plaintiffs" or the "Couches") brought this declaratory judgment action to quiet title against Defendant The Bank of New York Mellon ("Defendant" or the "Bank").

2. The Couches seek judicial declaration that the Bank has no claim to the real property located at 9845 Ray White Road, Keller, Texas 76248 in Tarrant County (the "Property") based on allegations that the Couches have adversely possessed the Property

1

beyond the five-year statutory possession period provided under the Texas Civil Practice and Remedies Code. In addition to declaratory judgment, the Couches request injunctive and monetary relief as well as attorney's fees and costs for their claim to quiet title.

3.      The Couches are husband and wife who are citizens of the State of Texas. They have resided in the Property as their homestead and have paid property taxes on the Property since at least 2001. As of the filing of this action, Plaintiffs continue to reside at and remain in sole possession of the Property together.

4.      The Bank is a major bank holding company incorporated in the State of Delaware and headquartered in the State of New York. It is the Trustee for NovaStar Mortgage Funding Trust, Series 2005-4 NovaStar Home Equity Loan, Asset-Backed Certificates, Series 2005-4.

5.      On or about September 23, 2005, Plaintiff Dickey Couch signed a Texas Home Equity Note (the "Note") borrowing $150,000 from NovaStar Mortgage, Inc. ("NovaStar"). On or about the same day, the Couches executed a Texas Home Equity Security Instrument (the "Deed of Trust") to Mortgage Electronic Registration Systems, Inc. ("MERS") as mortgagee to secure repayment of the Note.

6.      Between the Years 2005 and 2014, the Bank became the mortgagee under the Deed of Trust as well as the holder and owner of the Note.

7.      On or about April 2, 2014, the Couches received a Notice of Default and Intent to Accelerate (the "Notice of Default") from the Bank, which provided that if the Note was accelerated, the Bank would proceed to schedule a foreclosure of the Property.

8. On or about July 7, 2014, Plaintiff Dickey Couch filed an action against the Bank and Ocwen Loan Servicing, LLC ("Ocwen") in the 96th Judicial District Court of Tarrant County (Cause No. 096-272989-14) (the "First Action"), alleging that the Notice of Default was improper. On or about August 4, 2014, the Bank and Ocwen removed the First Action to the Fort Worth Division of the U.S. District Court for the Northern District of Texas, styled as *Couch v. Ocwen Loan Servicing, LLC et al.*, No. 4:14-cv-614. On or about August 5, 2014, the Bank filed a counterclaim against Plaintiff Dickey Couch and third-party complaint against Plaintiff Sharon Couch which sought judicial foreclosure on the Property. The Bank's counterclaim declared the Note accelerated.

9. On or about August 3, 2015, the District Court entered a Final Judgment in the First Action, decreeing that the Bank and Ocwen were entitled to conduct a non-judicial foreclosure sale of the Property on or after November 1, 2015.

10. On or about November 4, 2019, after receiving a Notice of Foreclosure Sale and Notice of Posting and Sale of the Property from the Bank, the Couches filed another action against the Bank as well as PHH Mortgage Corporation ("PHH") in the 352nd Judicial District Court of Tarrant County (Cause No. 352-313053-19) (the "Second Action"), seeking temporary and permanent injunctive relief preventing the foreclosure sale of the Property. On or about November 5, 2019, the Bank and PHH removed the Second Action to the Fort Worth Division of the U.S. District Court for the Northern District of Texas, styled as *Couch et al. v. PHH Mortgage Corporation et al.*, No. 4:19-cv-935. On or about November 6, 2019, the Bank filed a counterclaim against the Couches for declaratory judgment to enforce the Final Judgment entered in the First Action, as well as an alternative claim for judicial foreclosure.

11.     On or about March 8, 2021, the District Court entered an Amended Final Judgment in the Second Action that authorized the Bank to proceed with judicial foreclosure of the Property. The Amended Final Judgment further decreed that: (i) the subject loan was valid and enforceable; (ii) the Deed of Trust reflected the Bank's valid security interest in the Property; (iii) all right, title, and interest of the Couches in the Property was subject to foreclosure; and (iv) the Bank was authorized to foreclose on the Property in compliance with the Note and the Deed of Trust.

12.     On or about July 3, 2023, the Bank posted the Property for sale in an August 1, 2023 Constable's Sale and purchased the Property at the Constable's Sale—thereby acquiring title to the Property. On or about September 13, 2023, the Constable's Deed on the Property acquired by the Bank was recorded in the official public records of Tarrant County, Texas as Instrument No. D223165212.

13.     On or about September 12, 2023, the Bank filed suit to evict the Couches from the Property in Tarrant County Justice of the Peace Court No. 3 (Cause No. JP03-23-E00072606) (the "Eviction Action"). On or about October 9, 2023, the Tarrant County Justice of the Peace Court ordered a Judgment of Possession in favor of the Bank.

14.     After the Couches appealed the Eviction Action to Tarrant County Court at Law No. 1 (Cause No. 2023-007641-1), the Tarrant County Court at Law entered a Judgment of Possession in favor of the Bank on or about January 23, 2024.

15.     On or about January 22, 2024, the Couches filed the present action against the Bank to quiet title on the Property in Tarrant County Court at Law No. 1 (Cause No. 2024-000558-1), based on the allegations that the Couches have adversely possessed the Property

for a period greater than the five-year statutory adverse possession period provided under the Texas Civil Practice and Remedies Code. On January 25, 2024, the Bank removed this action to the Fort Worth Division of the U.S. District Court for the Northern District of Texas, styled as *Couch et al. v. The Bank of New York Mellon*, No. 4:24-cv-00085. The Couches now move to preliminarily enjoin the Bank throughout the duration of the present action (i) from evicting the Couches from the Property and (ii) from selling the Property.

16. A preliminary injunction should not be granted unless the movant demonstrates, by a clear showing: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened injury outweighs any harm that may result from the injunction to the nonmovant; and (4) that the injunction will not undermine public interests.[1] The movant must clearly carry the cumulative burden of persuasion on all four enumerated elements in order for the requested injunctive relief to be granted.[2] Stated otherwise, if the movant fails to meet *any* one of the four requirements, a court cannot grant a preliminary injunction.[3]

17. Under the Texas Civil Practices & Remedies Code, a party must bring suit to recover real property held by another in peaceable and adverse possession under title or color of title within three, five, or ten years of the date the cause of action accrues.[4] A party claiming title by adverse possession must demonstrate (1) actual and (2) visible possession

---

[1] *Roho, Inc. v. Marquis*, 902 F.2d 356, 358 (5th Cir. 1990).
[2] *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008); *Miss. Power & Light Co. v. United Gas Pipe Line*, 760 F.2d 618, 621 (5th Cir. 1985); *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 645 (N.D. Tex. 2021) (O'Connor, J.).
[3] *Speed v. Am.'s Wholesale Lender*, No. 3:14-CV-3425-L, 2014 WL 4755485, at *1 (N.D. Tex. Sept. 24, 2014).
[4] *Coates Energy Tr. v. Frost Nat. Bank*, No. 04-11-00838-CV, 2012 WL 5984693, at *8 (Tex. App.—San Antonio November 28, 2012, pet denied) (citing Tex. Civ. Prac. & Rem. Code §§ 16.024 (three years), 16.025 (five years), 16.026 (ten years)).

that is (3) under a claim of right, (4) hostile to another's claim to the property, and (5) peaceable for the applicable limitations period.[5]

18.   The law is well-settled in Texas that, for adverse possession purposes, the statute of limitations does not run against the mortgagee (or lien holder) out of possession and in favor of an adverse claimant until the mortgagee acquires title to land at the foreclosure sale.[6] This is because the mortgagee (or lien holder) has no right to eject the adverse possessor until it actually acquires title.[7]

19.   In the present action, the Bank did not acquire title to the Property until the judicial foreclosure sale of the Property occurred on August 1, 2023. Therefore, for purposes of the adverse possession claim to quiet title on the Property brought by the Couches in the present action, the applicable statute of limitations did not begin to run until August 1, 2023.

20.   To qualify as adverse possessors under the Texas Civil Practice and Remedies Code, the Couches are required to possess the Property adversely to the Bank's title for a minimum of three years, among the other enumerated requirements. Until August 1, 2023, the Couches remained the rightful title owners of the Property. Therefore, the Couches' ownership was not hostile against the Bank's title until August 1, 2023.

21.   Following the judicial foreclosure sale of the Property on August 1, 2023, the Bank has merely owned the Property for a period approximating seven months. As such, the Couches could not have adversely possessed the Property for a period equal to the minimum

---

[5] *Luminant Mining Co., L.L.C. v. PakeyBey*, 14 F.4th 375, 380 (5th Cir. 2021) (citation omitted).
[6] *Texas Cap. Bank, N.A. v. Hoppe*, No. 14-98-00621-CV, 2000 WL 1125425, at *2 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (citing *Warnecke v. Broad*, 161 S.W.2d 453, 455 (Tex. 1942)); *see also Hardy v. JPMorgan Chase Bank, Nat. Ass'n*, No. A-14-CA-360-SS, 2014 WL 2700800, at *5 (W.D. Tex. June 13, 2014); *Hu v. Stewart*, No. 4:20-CV-294, 2021 WL 308975, at *2 (S.D. Tex. Jan. 29, 2021), *aff'd sub nom. Hu v. NewRez, L.L.C.*, No. 21-20112, 2022 WL 613155 (5th Cir. Mar. 2, 2022).
[7] *Ibid.*

adverse possession threshold of three years under the Texas Civil Practice and Remedies Code.[8]

22. For the foregoing reasons, the Couches fail to demonstrate, by a clear showing, that they are substantially likely to prevail on the merits of their cause of action to quiet title on the Property through adverse possession. Since the Couches fail to carry their burden of persuasion on the first enumerated element, they are not entitled to injunctive relief.

23. Accordingly, it is **ORDERED** that Plaintiffs Dickey Couch and Sharon Couch's Motion for Preliminary Injunction should be and is hereby **DENIED**.

**SO ORDERED** on this **5th day** of **March, 2024**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[8] The Couches raise the theory that they became permissive tenants of the Property years prior to the August 1, 2023 Constable's Sale—such that the applicable statute of limitations began to run from the date of the August 3, 2015 Final Judgment authorizing the Bank to conduct a non-judicial foreclosure sale of the Property. However, the Couches cite no precedent in support the proposition that a permissive tenancy is created as a matter of law as soon as an opposing party obtains a judgment of non-judicial foreclosure. *A fortiori*, the Couches fail to proffer evidence sufficient to show that their actual and visible possession of the Property under a claim of right was in any way hostile to a competing claim by the Bank at any point prior to the Bank's acquisition of title on August 1, 2023. Thus, even accepting their permissive tenancy theory on its face, the Couches *still* fail to carry their burden of persuasion for entitlement to injunctive relief on their claim to quiet title through adverse possession—and for the same reasons set forth in the foregoing findings and conclusions.