IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SHARON COUCH *and* DICKEY COUCH, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Action No. 4:24-cv-00085-O |
| THE BANK OF NEW YORK MELLON, *f/k/a* THE BANK OF NEW YORK, *as Successor Trustee for* JPMORGAN CHASE BANK, N.A., *as Trustee for* NOVASTAR MORTGAGE FUNDING TRUST, SERIES 2005-4 NOVASTAR HOME EQUITY LOAN ASSET-BACKED CERTIFICATES, SERIES 2005-4, | § § § § § § § § § § § | |
| *Defendant*. | § § | |

## ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Before the Court are Defendant's Motion for Judgment on the Pleadings and Brief in Support (ECF Nos. 22 & 23); Plaintiffs' Response (ECF No. 28); and Defendant's Reply (ECF No. 29). After reviewing the complaint, the briefing, and relevant authorities, the court **GRANTS** Defendant's motion for judgment on the pleadings.

1

## I. BACKGROUND[1]

This is a case of adverse possession. Mr. and Mrs. Couch (together, "Plaintiffs") have lived at the disputed property at 9845 Ray White Rd., Keller, Texas 76248 ("the Property") since 1996. On September 23, 2005, Mr. Couch took out a $150,000 Texas Home Equity Note ("the Note") from Novastar Mortgage, Inc. The same day, Plaintiffs signed a Texas Home Equity Security Instrument with Mortgage Electronic Registration System as the mortgagee. By 2014, the Bank of New York Mellon ("Defendant") obtained the Note and was the mortgagee.

On April 2, 2014, Plaintiffs received a Notice of Default and Intent to Accelerate from Defendant. On July 7, 2014, Mr. Couch sued for improper notice of default in the 96th District Court of Tarrant Count. Upon removal to the Northern District of Texas, Fort Worth Division, Judge John McBryde authorized Defendant to conduct a foreclosure sale on the Property. However, Defendant did not conduct a foreclosure sale. Instead, Defendant foreclosed on the Property through a Constable's sale, and Defendant bought the Property at that sale on August 1, 2023. On September 12, 2023, Defendant filed suit to evict Plaintiffs. On October 9, 2023, the Tarrant County Justice of the Peace Court Precinct 3 found in favor of Defendant. On October 25, 2023, Plaintiffs appealed to the Tarrant County Court of Law. The court found in favor of Defendant on January 23, 2024.

---

[1] Unless otherwise specified, all facts pertaining to the Court's resolution of Defendant's motion are drawn from Plaintiffs' Original Petition, found within Defendant's Notice of Removal. *See* Notice of Removal, ECF No. 1, at 40–50. At the 12(b)(6) stage, these facts are taken as true and viewed in the light most favorable to Plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007). When noted via citation reference, the other facts recited herein are drawn from matters of public record of which judicial notice may be properly taken at the 12(b)(6) stage, such as prior court proceedings, pleadings, opinions, orders, and judgments attached to the motion to dismiss or otherwise appearing in the record thereof. *Kahn v. Ripley*, 772 F. App'x 141, 142 (5th Cir. 2019); *Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020).

Plaintiffs filed this suit in Tarrant County Court on January 22, 2024, seeking quiet title, a declaratory judgment regarding "the rights and status of the parties to this action regarding the Property," a temporary restraining order enjoining Defendant from evicting them, an injunction, and attorney's fees. Defendant removed this case to this Court on January 25, 2024, and moved for judgment on the pleadings on March 1, 2024. Plaintiffs responded on March 13, 2024, claiming they are the rightful owners of the property based on adverse possession. Defendant replied on March 18, 2024. The motion is now ripe for the Court's consideration.

## II. LEGAL STANDARDS

### A. Motion for Judgment on the Pleadings

A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). For purposes of Rule 12(c), pleadings are closed once a complaint and answer are filed, provided that no counterclaim or crossclaim is made. *MKD Mgmt., LLC v. Frigon*, No. 2:20-cv-14-Z-BR, 2020 WL 5745913, at *2 (N.D. Tex. Aug. 5, 2020) (citing *Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005)). Rule 12(c) motions are "designed to dispose of cases where the material facts are not in dispute and the judgment on the merits can be rendered by looking to the substance of the pleadings." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (citation omitted). "The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss." *Guidry v. Am. Pub. Life Ins.*, 512 F.3d 177, 180 (5th Cir. 2007) (citation omitted).

Under the 12(b)(6) standard, a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). To avoid dismissal, pleadings must show specific, well-pleaded facts rather than conclusory allegations. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). In other words, to defeat a motion to dismiss pursuant to Rule 12(b)(6), a

plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads factual content that allows a court to reasonably infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Unlike a "probability requirement," the plausibility standard instead demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. When "a complaint contains facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

### III. DISCUSSION

To claim adverse possession, a party "must show (1) actual and (2) visible possession that is (3) under a claim of right, (4) hostile to another's claim to the property, and (5) peaceable for the applicable limitations period*." Luminant Mining Co., L.L.C. v. PakeyBey*, 14 F.4th 375, 380 (5th Cir. 2021) (citing *Nat. Gas Pipeline Co. of Am. v. Pool*, 124 S.W.3d 188, 193 (Tex. 2003)). There are three statutes of limitations for adverse possession, depending on the facts of the claim. When there are no special considerations, the statute of limitations is three years. Tex. Civ. Prac. & Rem. Code § 16.024. When the adverse possessor "(1) cultivates, uses, or enjoys the property; (2) pays applicable taxes on the property; and (3) claims the property under a duly registered deed," the statute of limitations is five years. Tex. Civ. Prac. & Rem. Code § 16.025(a). The statute of limitations is ten years when the adverse possessor "cultivates, uses, or enjoys the property." Tex. Civ. Prac. & Rem. Code § 16.026(a).

The statute of limitations for adverse possession does not begin to run against a lienholder until that lienholder acquires a right to possession of that property. *Warnecke v. Broad*, 138 Tex.

4

631, 634–35 (1942). This is because "[t]he lien under the deed of trust was merely a security for the debt, and such deed of trust conveyed neither the title nor the possessory right of the mortgagor in such land to the mortgagee." *Id.* at 634; *accord FCLT Loans, L.P. v. Est. of Bracher*, 93 S.W.3d 469, 482 (Tex. App.—Houston [14th District] Oct. 17, 2002) (no pet.) ("A lien on property does not provide title to that property, but rather the right to have satisfaction out of the property to secure the payment of a debt.").

Defendant argues that the statute of limitations began running when they acquired title to the Property at the Constable's sale, on August 1, 2023.[2] Plaintiffs contend that the five-year statute of limitations began running on November 1, 2015, when this Court granted Defendant the right to foreclose on the Property.[3]

To begin, Plaintiffs cite no legal authority supporting the proposition that the statute of limitation begins to run when a court grants the right to foreclose. Nor can the Court find any legal authority suggesting this. Next, when Defendant acquired the Property at the Constable's sale on August 1, 2023, Defendant acquired title to the Property.[4] Therefore, on August 1, 2023, Defendant became the Property's titleholder. Accordingly, the statute of limitations for adverse possession began to run on that date. None of the possible statutes of limitation have passed.

Since the statute of limitations element has not been met, Plaintiffs have not shown a viable claim for adverse possession.

IV. **CONCLUSION**

Based on the foregoing, the Court finds that Plaintiffs have not alleged sufficient facts at this stage to allow the Court "to draw reasonable inference[s] that the [D]efendant is liable for the

---

[2] ECF No. 23 at 5.
[3] ECF No. 28 at 6.
[4] ECF No. 23 at 2.

5

misconduct alleged." *Iqbal*, 556 U.S. at 678. Finding that Plaintiffs have failed to establish a viable claim for adverse possession against Defendant, the Court hereby **GRANTS** Defendant's motion for judgment on the pleadings. Additionally, based on this order Plaintiffs' Motion to Stay the Court's Judgment is **MOOT**.

Therefore, it is **ORDERED** that Plaintiffs' claims are **DISMISSED with prejudice**.

**SO ORDERED** on this **15th day** of **May, 2024.**

Reed O'Connor
UNITED STATES DISTRICT JUDGE